McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
www.mcguirewoods.com

Matthew C. Kane
Direct: 310.315.8295

**McGuireWoods**

mkane@mcguirewoods.com
Direct Fax: 310.956.3195

January 21, 2010

Hon. Leonard D. Wexler, United States District Judge
United States District Court, Eastern District of New York
944 Federal Plaza, Courtroom 940
Central Islip, New York 11722

>   Re:   *Coniglio v. Capital One, N.A.*, E.D.N.Y. Case No. 10 CIV 5353

Dear Judge Wexler,

We are counsel for Defendant Capital One, N.A. ("Defendant" or "Capital One"), and hereby request a pre-motion conference for its anticipated Motion to Dismiss Plaintiff's Complaint (the "Motion"). The bases for the Motion, as presently contemplated, are as follows:

A.  All three purported claims for relief alleged in Plaintiff's Complaint are solely predicated on ***factually devoid, conclusory allegations of legal violations*** and, therefore, fail to satisfy the pleading requirements of Fed. R. Civ. P. 8; and/or

B.  Plaintiff's purported Third Claim for Relief for Breach of Contract fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### 1. Introduction and Procedural Background

On November 18, 2010, Plaintiff filed the Complaint against Capital One in this action (Dkt. #1). The Complaint purports to assert two claims for overtime wage violations and related penalties under the FLSA (First Claim for Relief) and the New York Labor Law ("NYLL") (Second Claim for Relief) based on factually devoid allegations of working "off-the-clock." Plaintiff seeks to bring these first two claims on behalf of herself and a nationwide FLSA class of "all … non-exempt branch personnel" and a Rule 23 class of "all … non-exempt branch personnel who were employed by Capital One in the State of New York," respectively. Complaint, ¶¶ 26, 32. The purported Third Claim for Relief for Breach of Contract alleges that Capital One terminated Plaintiff in violation of the terms of its incentive compensation policy.

On December 20, 2010, Capital One signed and returned to Plaintiff an executed Waiver of Service of Summons, making its responsive pleading deadline January 21, 2011.

### 2. The Complaint Should Be Dismissed Because None Of The Three Asserted Claims For Relief Satisfies The Rule 8 Pleading Requirements

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do***." *Id.* at 555 (emph. added). Rather, a complaint must allege "enough fact to raise a

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice to avoid dismissal. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

Plaintiff's Complaint fails to allege any facts to substantiate her purported FLSA and NYLL claims. Its ***factually devoid*** and ***conclusory allegations*** simply recite (at most) the elements of each purported statutory violation on which the claims are based, alleging nothing more than that Capital One has violated the law and is liable to Plaintiff and the putative classes.

The purported First Claim for Relief under the FLSA simply recites the statutory language of the FLSA and alleges only the following ***conclusions***: (a) Defendant "had a policy of relying on hours reported on employee time sheets to calculate hours worked"; (b) Defendant "regularly permitted the plaintiff to work in excess of 40 hours per week"; (c) "The plaintiffs regularly worked more than 40 hours per week"; (d) Defendant "did not record or keep track of actual hours worked by employees"; (e) Defendant "discouraged employees from reporting the full number of hours worked on employee time sheets"; (f) Defendant "knew or should have known that employees were not reporting their full number of hours worked"; (g) Defendant "failed to pay the Plaintiff Class for hours worked in excess of 40 hours per week"; and (h) "The Defendants' [sic] failure to make overtime payments was willful." Complaint, ¶¶ 18-24, 42.

The purported Second Claim for Relief under the NYLL likewise is based on nothing but ***factually devoid, conclusory allegations*** that merely track the elements of the statute: (a) "Pursuant to the [NYLL] Plaintiff and others similarly situated were entitled to overtime wages which the Defendant failed to pay in violation of such laws"; and (b) "The Defendant knew or should have known that it was not complying with the overtime provisions of the [NYLL]." Complaint, ¶¶ 45-46. Moreover, with respect to both the putative FLSA collective and NYLL Rule 23 classes, Plaintiff merely makes the non-specific allegation that they are comprised of "similarly situated" "non-exempt branch personnel," leaving Capital One and the Court to guess as to which positions held by such employees she seeks to represent and why they are similarly situated to her. Complaint, ¶¶ 26, 32.

These threadbare recitals of the elements of the claims, unsupported by any factual allegations, fail to "raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Iqbal, supra; Twombly, supra*. Such allegations fall woefully short of the requirements under Rule 8 and render Plaintiff's First and Second Claims for Relief subject to dismissal because the Court cannot infer "a right to relief above the speculative level." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008).

The allegations of the purported Third Claim for Relief for Breach of Contract also are deficient because they too are nothing more than ***factually devoid, conclusory allegations*** of a purported "contract" and "breach," with no factual allegations of the legal requirements for the formation and existence of a contract, its terms, and the breach thereof. Plaintiff merely alleges that: (1) "Defendant instituted an incentive program that assigned 'points' to products 'sold' by bank employees" (Complaint, ¶ 49); (2) "Under the incentive program, the plaintiff was specifically instructed by her supervisor ... to open new accounts for existing customers in order to accumulate points" (*Id.*, ¶ 50); (3) "The instructions given to the plaintiff, and her compliance therewith constituted a contract between the parties that prohibited the defendant from

Hon. Leonard D. Wexler
January 21, 2010
Page 3

terminating the plaintiff for her compliance with her supervisor's instructions" (*Id.,* ¶ 51); (4) "Plaintiff performed all of her obligations under the contract" (*Id.,* ¶ 52); (5) "Defendant breached the contract when it terminated [Plaintiff] for following the instructions given to her" (*Id.,* ¶ 53); and (6)"Plaintiff is entitled to an award of lost income ..." (*Id.,* ¶ 54).  This claim can and should be dismissed because its threadbare allegations fail to plead the specific contractual terms upon which the purported breach of contract claim is based.  *See Wolf v. Rare Medium, Inc.*, 171 F.Supp.2d 354, 357-59 (S.D.N.Y. 2001); *Posner v. Minnesota Mining & Mfg. Co.*, 713 F.Supp. 562, 563-64 (E.D.N.Y. 1989).  To this end, these ***factually devoid, conclusory allegations*** fail to allege, in the manner required under Fed. R. Civ. P. 8, the essential elements of **(a)** the **terms** of the alleged "incentive program" constituting the alleged "contract"; **(b)** Plaintiff's **performance** of her obligations under the alleged contract; **(c)** the circumstances constituting Plaintiff's alleged "**compliance**" with the terms of the contract; **(d)** the **consideration** for the alleged contract; **(e)** what the "**instructions**" were that Plaintiff allegedly received from her supervisor and how they were not consistent with the terms of the incentive program; and **(f)** the contractual terms which render her **termination** to be a "breach" thereof.

Therefore, Plaintiffs' Complaint fails to satisfy Rule 8 and should be dismissed.

3. **The Third Claim For Breach Of Contract Also Should Be Dismissed Because It Fails To State A Claim For Relief As A Matter Of Law**

Plaintiff's purported breach of contract claim also fails as a matter of law to the extent it is attempting to allege that Capital One's incentive policy constitutes the contract that it allegedly breached.  Plaintiff is claiming that Capital One committed a breach of contract merely by not following its own policies, and such a claim fails as a matter of law because an employer's purported failure to follow its internal policies cannot be the basis for an employee's breach of contract claim.  *See United States ex rel. Smith v. New York Presbyterian Hosp.*, 2007 U.S. Dist. LEXIS 53826, 56 (S.D.N.Y. July 18, 2007); *Maas v. Cornell University*, 92 N.Y.2d 87, 93 (1999); *Mason v. Central Suffolk Hospital*, 3 N.Y.3d 343, 348 (2004).  Indeed, Capital One's incentive policy Plaintiff relies on (copies of relevant portions of the 2009 and 2010 plans are enclosed) contains an express contract disclaimer which unequivocally forecloses her claim:

> "This Plan **does not constitute a contract of employment** and is **not a guarantee of employment** for any definite term, and it **does not otherwise alter an associate's status as an at-will employee**.  Both the associate and Capital One **can choose to end the employment relationship at any time and for any reason, with or without notice**."  (Emphasis added).

Based on all of the foregoing, Capital One requests a pre-motion conference.

Sincerely,

M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP

*/s/ Matthew C. Kane*

Matthew C. Kane

Enclosure
cc:   Steven Moser, Esq.

# Incentive Plan Guide
## 2009

Relationship Banker (Non-Lab Branch)



# RELATIONSHIP BANKER (NON-LAB) INCENTIVE PLAN

## I.     PURPOSE

The plan is intended to provide Relationship Bankers with the opportunity to earn monthly and quarterly incentives.

This plan will enable Relationship Bankers to build and deepen customer relationships using a "needs based selling approach".

## II.    OVERVIEW

This Plan has been established to incentivize and reward eligible associates who meet and exceed certain performance objectives.

All associates' actions shall be consistent with standards of conduct contained in Capital One's policies, including its Code of Business Conduct, Ethics and Fair Lending. Failure to comply with any of Capital One's policies may result in forfeiture of incentives under this Plan and disciplinary action, up to and including termination.

Incentives will be awarded based on individual level and team performance.  The opportunity to increase incentives through a multi-tier threshold systems rewards top performers.

==This Plan does not constitute a contract of employment and is not a guarantee of employment for any definite term, and it does not otherwise alter an associate's status as an at-will employee.  Both the associate and Capital One can choose to end the employment relationship at any time and for any reason, with or without notice.==

## III.   DEFINITIONS

"Award" means the amount of incentive award that a Participant is eligible to receive under the terms of the Plan during any Award Period.

"Award Period" is the time period over which an Award is calculated, as established in paragraph VIII of the Plan.

"Capital One" means Capital One Financial Corporation and its subsidiaries, including Capital One, National Association, Capital One Bank (USA), National Association, and Capital One Services, LLC.

"Disability" has the meaning in Capital One's long-term disability plan.

"Participant" means a Capital One associate who meets the eligibility criteria outlined in paragraph V of the Plan.

 "Plan Administrator" means the name of the individual who will make decisions about how the plan is implemented.

"Plan Sponsor" means the name of the business unit that is responsible for the plan.

"Retirement" means the Participant has reached age 55 and has 10 years of service with Capital One or has reached age 65.

# NORTHEAST AND SOUTH CENTRAL RELATIONSHIP BANKER INCENTIVE PLAN

## I. PURPOSE

The 2010 Incentive Plan is designed to reward Relationship Bankers for exceptional performance in new account acquisition, growth, retention and quality service to our customers.

## II. OVERVIEW

This Plan has been established to incent and reward eligible associates who meet and exceed certain performance objectives. All associates' actions shall be consistent with standards of conduct contained in Capital One's policies, including its Code of Business Conduct and Ethics and Fair Lending Policy. Failure to comply with any of Capital One's policies may result in forfeiture of incentives under this Plan and disciplinary action, up to and including termination.

Incentives will be awarded based on individual level and team performance. The opportunity to increase incentives through a multi-tier threshold system rewards top performers.

This Plan does not constitute a contract of employment and is not a guarantee of employment for any definite term, and it does not otherwise alter an associate's status as an at-will employee. Both the associate and Capital One can choose to end the employment relationship at any time and for any reason, with or without notice.

## III. EFFECTIVE DATE

The Plan is in effect January 1, 2010 through December 31, 2010, unless such time period is extended in writing (the "Plan Year"). As required by our regulators, Capital One is reviewing its incentive plans and, as such, it reserves the right to modify and/or terminate the Plan prior to the end of the Plan Year.

## IV. PLAN RULES AND ELIGIBILITY

Associates in the following positions are eligible to participate in this Plan:

- Northeast and South Central Relationship Banker I (Job Code BDPS25)
- Northeast and South Central Relationship Banker II (Job Code BDPS30)

Associates covered by this plan may also participate in the COFA Referral Plan, and, if currently possessing LBA credentials, the COFA commission schedule.

New external and internal hires and promoted associates hired before September 30, 2010 will be eligible to participate in the Plan as of the first day of active employment in an eligible job title. Earnings will be prorated based on the time spent in an eligible role.

All Participants in the Incentive Plan must be employed in Branch Distribution on the date the incentive is earned. In the event this is prohibited by law, Capital One will pay earned incentive as required by state law.

3